**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Linda Lee Dougherty,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CV-09-2631-PHX-DGC<br><br>**ORDER** |

Plaintiff Linda Dougherty worked as a dental assistant for more than a decade. Doc. 12, Tr. 128-30. She sought treatment for neck, shoulder, and right arm pain in June 2003 (Tr. 190-92), and was diagnosed with degenerative disc disease, canal and foraminal stenosis, cervical radiculopathy, and a syrinx and ependymoma tumor ranging from C3 to T1 of the spinal cord (Tr. 188-97). She underwent laminectomy surgery in September 2003. Tr. 423-27. The tumor was successfully excised, but the surgery and resulting infection caused residual nerve damage, balance and dexterity problems, numbness in the hands and upper extremities, neck pain, and dizziness. Tr. 310-11, 441-55.

Plaintiff applied for disability insurance benefits on March 21, 2006, claiming to be disabled since August 16, 2003. Tr. 83-85. The application was denied. Tr. 51-57. A hearing before an Administrative Law Judge (ALJ) was held on February 4, 2008. Tr. 23-50. The ALJ issued a written decision on April 18, 2008, finding Plaintiff disabled through June 20, 2006, but not thereafter. Tr. 12-20. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-3.

Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Doc 1. For reasons that follow, the Court will reverse Defendant's decision and remand the case for reinstatement of benefits.

**I.   Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.*

**II.   Analysis.**

Using the five-step evaluation process set forth in 20 C.F.R. § 404.1520, the ALJ found Plaintiff to be disabled from August 16, 2003 through June 20, 2006. Tr. 13-18, ¶ 11. Specifically, Plaintiff has not worked since the alleged disability onset date (Tr. 15, ¶ 2), she has severe back and cervical disc disorders, history of spinal cord tumor resection, and upper right polyneuropathy (Tr. 16, ¶ 3), and these impairments rendered her unable to work (Tr. 16-17, ¶¶ 5-11). Pursuant to 20 C.F.R. § 404.1594, the ALJ found that medical improvement had occurred (Tr. 18, ¶ 12), that this improvement related to the ability to work (Tr. 20, ¶ 15), and that as of June 21, 2006, Plaintiff had the residual functional capacity (RFC) to perform light work, including her past job as a dental assistant (Tr.18-20, ¶¶ 14, 16).

Plaintiff challenges the decision to terminate disability benefits as of June 21, 2006, arguing that the ALJ failed to conduct a proper medical improvement review, that he erred in rejecting a treating physician's opinion and Plaintiff's own testimony, and that substantial evidence does not support the RFC finding. Docs. 15, 19. Defendant contends that the ALJ did not err and his decision is supported by substantial evidence. Doc. 18.

1   Plaintiff testified at the hearing that she suffers from pain at the surgical site (Tr. 32),
2 that she has numbness in her hands and feet and difficulty grasping and holding things
3 (Tr. 33-34), that she loses her balance quite easily and has fallen in her home on several
4 occasions (Tr. 34), that she can stand for 20 minutes before her legs start to hurt and can
5 walk 15 minutes before wanting to take a break (Tr. 35), that sitting requires a change of
6 position about every 15 minutes, and that she can lift up to 12 pounds (Tr. 36).

7   The ALJ concluded that Plaintiff's "statements concerning the intensity, persistence,
8 and limiting effects of [her] symptoms are not credible beginning on June 21, 2006[.]"
9 Tr. 19.  The ALJ evaluated Plaintiff's testimony using the two-step analysis established by
10 the Ninth Circuit.  *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Applying the
11 test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), the ALJ determined that Plaintiff's
12 impairments could reasonably produce some symptoms.  Tr. 19.  Given this conclusion, and
13 because there is no evidence of malingering, the ALJ was required to present "specific, clear
14 and convincing reasons" for his adverse credibility finding.  *Smolen*, 80 F.3d at 1281.  This
15 standard is "the most demanding required in Social Security cases."  *Moore v. Comm'r of*
16 *Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

17   The ALJ asserts several reasons for finding Plaintiff's symptom testimony not
18 credible.  None is convincing.

19   The first reason the ALJ gave is that Plaintiff's "testimony is more 'restrictive' than
20 what the evidence in the file supports." Tr. 19.  This Circuit has made clear that "general
21 findings are an insufficient basis to support an adverse credibility determination." *Holohan*
22 *v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  The ALJ "must specifically identify the
23 testimony he or she finds not to be credible and must explain what evidence undermines the
24 testimony." *Id.*

25   The ALJ has not met his burden.  He does not identify the "evidence in the file"
26 purportedly showing Plaintiff's symptom testimony to be too "restrictive."  In short, the ALJ
27 failed to state "*specifically* which symptom testimony is not credible and what facts in the
28 record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (emphasis added); *see Dodrill v.*

1  *Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) ("It's not sufficient for the ALJ to make only
2  general findings; he must state which pain testimony is not credible and what evidence
3  suggests the complaints are not credible.").

4  To the extent the "evidence in the file" refers to objective medical findings, in
5  particular, the report of Dr. McPhee (Tr. 337-39), the ALJ erroneously "imposed a burden
6  on [P]laintiff she did not have under the governing Ninth Circuit law." *Battle v. Astrue*, No.
7  CV 09-2162-DTB, 2010 WL 2569235, at *4 (C.D. Cal. June 21, 2010). "[O]nce a claimant
8  has presented medical evidence of an underlying impairment, the ALJ may not discredit the
9  claimant's testimony regarding subjective pain and other symptoms merely because the
10 symptoms, as opposed to the impairments, are unsupported by objective medical evidence."
11 *Perez v. Astrue*, No. CV 09-4600-MLG, 2010 WL 1051128, at *4 (C.D. Cal. Mar. 18, 2010);
12 *see Ligenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Robbins v. Social Sec.*
13 *Admin.*, 466 F.3d 880, 884 (9th Cir. 2006); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.
14 1998); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Bunnell v. Sullivan*, 947
15 F.2d 341, 343 (9th Cir. 1991) (en banc). The ALJ himself recognized that the credibility
16 determination was necessary *because* Plaintiff's "statements about the intensity, persistence,
17 or functionally limiting effects of pain or other symptoms are not substantiated by objective
18 medical evidence[.]" Tr. 18; *see* SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

19 Second, the ALJ noted that Plaintiff told Dr. McPhee she was taking only allergy
20 medicine (Tr. 337) and told Dr. Prieve she was taking only allergy medicine and over-the-
21 counter ibuprofen (Tr. 359). Tr. 19. The ALJ fails to explain how this renders the entirety
22 of Plaintiff's testimony not credible. He identifies no medication Plaintiff has been
23 prescribed but refused to take, nor does he suggest Plaintiff should be taking other over-the-
24 counter medication. To the extent he implicitly found that Plaintiff would be taking stronger
25 pain medication if her complaints of pain were true, this says nothing about Plaintiff's
26 numbness and loss of balance and strength.

27 Plaintiff states that she has been without medical insurance since the disability onset
28 date and is unable to afford all the treatment she needs. Doc. 15 at 35; *see* Tr. 363 (noting

that Plaintiff cannot afford to pay for testing). "'It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because [she] is too poor to obtain medical treatment that may help [her].'" *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995) (citation omitted); *see Smolen*, 80 F.3d 1284 (because the claimant "had no insurance and could not afford treatment," her failure to take medication for her symptoms "is not a clear and convincing reason for discrediting her symptom testimony"); SSR 96-7p, at *8 (listing affordability as a legitimate reason for not seeking treatment).

The ALJ "must not draw any inferences about [Plaintiff's] symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that [she] may provide[.]" SSR 96-7p, at *7. Before finding Plaintiff not credible based on medications she was not taking, the ALJ should have questioned Plaintiff "in order to determine whether there are good reasons[.]" *Id.* He erred in failing to did so. *See* Tr. 39-41; *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989) (an ALJ may not "rely on the claimant's failure to take pain medication where evidence suggests that the claimant had a good reason for not taking medication"); *Jablonski v. Astrue*, No. 09 C 3398, 2010 WL 4625451, at *7 (N.D. Ill. Nov. 5, 2010) (the ALJ erred where he "failed to discuss Plaintiff's explanation for not continuing mental health counseling"); *Warfield v. Astrue*, No. 1:08-cv-1516-SEB-TAB, 2010 WL 883652, at *5 (S.D. Ind. Mar. 4, 2010) ("the ALJ should have expressly considered whether there was an explanation other that Warfield's symptoms not being as serious as alleged for his not following the recommended treatment").

Third, the ALJ noted that Plaintiff told Dr. Prieve she could walk one mile. Tr. 19-20. Plaintiff stated at the hearing that she can walk for 15 minutes before wanting to take a break. Tr. 35. The ALJ does not explain, and it is not otherwise clear to the Court, how these two statements are inconsistent. *See* Tr. 154 (Plaintiff states that she can walk "maybe a mile" before needing to take a 10-20 minute rest).

Fourth, the ALJ claimed that "the evidence shows [Plaintiff] does not require an assistive device to walk." Tr. 20. The ALJ cites no supporting evidence, nor does he explain

1  how this renders Plaintiff's symptom testimony not credible.  Plaintiff testified that she is
2  ambulatory.  Tr. 35.  She agrees that she does not "require" an assistive device to walk.  Doc.
3  19 at 13.  She uses a cane only when she walks her small dogs or is in an area where she may
4  need to "move out of the way quickly" or may "want that extra support."  Tr. 35-36.  No
5  doctor has opined that this limited use of a cane is unreasonable.  Given Plaintiff's history
6  of back surgery and resulting numbness and balance problems, her occasional use of a cane,
7  "even if a doctor did not recommend it, is not on its own enough to make her testimony
8  regarding her [symptoms] unbelievable."  *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009).
9         Fifth, the ALJ found that Plaintiff is able to travel as she "testified at the hearing that
10 she went on vacation to Flagstaff."  Tr. 20.  The ALJ does not discuss the nature of the trip
11 or otherwise explain how it impeaches Plaintiff's testimony.  Plaintiff did not testify that she
12 is unable ride as a passenger on a fairly short road trip.  She explained at the hearing that she
13 and her husband went to Flagstaff for a "little vacation" because they have a dune buggy.
14 She made clear that she does not "get in it anymore."  Tr. 41.
15        "'Disability does not mean that a claimant must vegetate in a dark room excluded
16 from all forms of human and social activity.'"  *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.
17 1987) (citation omitted).  The trip to Flagstaff is not a convincing reason for disbelieving
18 Plaintiff about the severity of her symptoms.  *See Howard v. Heckler*, 782 F.2d 1484, 1485,
19 1488 (9th Cir. 1986) (the claimant's ability to engage in "wide-ranging travel around North
20 America in a motor home" did not render incredible his subjective complaints of pain and
21 other symptoms); *Beloit v. Astrue*, No. CV 06-2009-PHX-EHC, 2008 WL 752616, at *13
22 (D. Ariz. Mar. 19, 2008) (fact that the claimant visited Mexico a few weeks before the
23 hearing was not a sufficient reason to discredit his testimony); *Woodfill v. Astrue*, No. C08-
24 1790-CRD, 2009 WL 3297317, at *8 (W.D. Wash. Oct. 13, 2009) (the ALJ failed to provide
25 specific and legitimate reason for rejecting opinion evidence where "the limitations of
26 plaintiff's activities during her vacations were not discussed").
27        Finally, the ALJ found Plaintiff not credible because she does "normal activities."
28 Tr. 20.  "Several courts, including [this Circuit], have recognized that disability claimants

should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722 (citations omitted). An ALJ may consider a claimant's activities in assessing credibility, but "[t]his line of reasoning clearly has its limits[.]" *Fair*, 885 F.2d at 603. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferrable to what might be the more grueling environment of the workplace[.]" *Id.* An ALJ may reject testimony based on activities where the ALJ makes a "specific finding" that they "*are* transferrable to the work setting" and form a "substantial part" of the claimant's day. *Id.*

The ALJ noted that Plaintiff is able to "bathe and dress herself" and did "grocery shopping, housework, laundry, cooking, gardening, driving, walking, and used public transportation." Tr. 20. But the ALJ ignores the limited nature of those activities. Plaintiff must "use care" while bathing and dressing due to her loss of balance and must be "extra careful" while cooking because she sometimes loses her grip. Tr. 150-51. She does a "little light gardening – flowers," and goes grocery shopping for a "few items weekly." Tr. 151-52. Her household chores are "very light, " (Tr. 37), she drives "short distances," a "neighbor goes shopping with [her]," and she tries to "do a little cooking but nothing big" (Tr. 39). "Some days [she] feel[s] like working for an hour, some days less." Tr. 151. The ALJ fails to explain how Plaintiff's activities translate into an ability to perform regularly in the workplace.

This Circuit has made clear that the mere fact that a claimant engages in normal daily activities "does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603). The ALJ failed to provide a convincing reason for concluding that Plaintiff's activities render her symptom testimony incredible. *See Reddick*, 157 F.3d at 722 (the record as a whole showed the ALJ "erred in characterizing statements and documents contained therein to reach the conclusion that Claimant exaggerated her symptoms"); *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (the claimant's limited activities did not constitute convincing evidence that he could function

1  regularly in a work setting); *Benecke v Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (rejecting
2  the ALJ's credibility finding where it was based in large part on the claimant's ability to
3  carry out certain routine tasks); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (the ALJ
4  erred where the claimant's activities did not contradict his symptom testimony and failed to
5  meet the threshold for transferable work skills); 20 C.F.R. § 404.1572(c) ("Generally, we do
6  not consider activities like taking care of yourself, household tasks, [or] hobbies . . . to be
7  substantial gainful activity.").

8  It is worth noting that many of the activities the ALJ found inconsistent with
9  Plaintiff's symptom testimony, activities the Plaintiff stated she was able to perform in
10 February 2007 (Tr. 149-56) and at the hearing a year later (Tr. 37-40), are activities Plaintiff
11 engaged in during the period in which the ALJ found her to be credible and disabled
12 (Tr. 94-101).

13 Considering the record as a whole and in the proper context, *see Ryan*, 528 F.3d at
14 1198, the Court concludes that the reasons the ALJ provided for finding Plaintiff not credible
15 are neither convincing nor supported by substantial evidence.

16 **III.   Remedy.**

17 The decision to remand for further development of the record or for an award benefits
18 is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d
19 1172, 1173-74 (9th Cir. 2000). This Circuit has held that an action should be remanded for
20 an award of benefits where the ALJ has failed to provide legally sufficient reasons for
21 rejecting evidence, no outstanding issue remains that must be resolved before a determination
22 of disability can be made, and it is clear from the record that the ALJ would be required to
23 find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v.*
24 *Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

25 After applying the credit-as-true rule to improperly discredited evidence, no
26 outstanding issue remains to be resolved before determining that Plaintiff is entitled to the
27 reinstatement of benefits. The impartial vocational expert testified that Plaintiff's symptom
28 testimony, if accepted, would preclude sustained work. Tr. 45. Defendant does not disagree

with this conclusion. Because it is clear that the ALJ would be required to find Plaintiff disabled after June 20, 2006, the Court will remand the case for reinstatement of benefits. *See Benecke*, 379 F.3d at 593-95; *Orn*, 495 F.3d at 640; *see also Iida v. Heckler*, 705 F.2d 363, 365 (9th Cir. 1983) ("Benefits wrongfully terminated should be reinstated without further agency proceedings."); *Sandoval v. Astrue*, No. CIV S-09-1635 DAD, 2010 WL 5233007, at *913 (E.D. Cal. Dec. 16, 2010) (remanding for reinstatement of benefits where the ALJ erroneously rejected the claimant's testimony and substantial evidence did not support the medical improvement finding). Given this ruling, the Court need not address Plaintiff's arguments that the ALJ failed to conduct a proper medical improvement review, erred in rejecting a treating physician's opinion, and erred in determining RFC.

**IT IS ORDERED:**

1. Defendant's decision that Plaintiff's disability ended on June 21, 2006 (*see* Doc. 12-3 at 21, Tr. 20) is **reversed**.

2. The case is remanded for reinstatement of benefits as of **June 21, 2006**.

DATED this 12th day of January, 2011.

David G. Campbell
United States District Judge