**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Lee Dougherty,<br><br>            Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>            Defendant. | No. CV-09-2631-PHX-DGC<br><br>**ORDER** |

An administrative law judge ("ALJ") denied in part Plaintiff's application for disability insurance benefits, finding that her disability ended on June 21, 2006. Doc. 12, Tr. 12-20. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-3. Plaintiff then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. The Court reversed Defendant's decision and remanded the case for an award of full benefits. Doc. 20.

Plaintiff has filed a motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 22. The motion is fully briefed. Docs. 23, 24. Oral argument has not been requested. For reasons stated below, the Court will grant the motion and award Plaintiff fees in the amount of $6,099.15 plus $350 in costs.

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act,

42 U.S.C. § 405(g).  Doc. 20; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001).  The Court should award reasonable attorneys' fees under the EAJA unless Defendant shows that his position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.

Defendant does not contend that an award of fees to Plaintiff would be unjust. Nor has he shown that the positions taken in defense of the ALJ's erroneous decision were substantially justified.

The ALJ concluded that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not credible beginning on June 21, 2006[.]" Tr. 19.  The law is clear that where, as in this case, there is no evidence of malingering, a claimant's symptom testimony may be discredited only for specific, clear and convincing reasons supported by substantial evidence.  *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  The ALJ failed to meet this burden, and the position taken by Defendant to defend the ALJ's error was not substantially justified.

As explained more fully in the order of reversal (Doc. 20 at 3-8), the ALJ made general findings to support his adverse credibility determination, failed to explain or present supporting evidence for other findings detrimental to Plaintiff, relied on the fact that Plaintiff could not afford treatment, and found Plaintiff not credible because she is able to engage in some normal daily activities (Tr. 19-20).  In short, the ALJ clearly erred and provided no convincing reason for rejecting Plaintiff's symptom testimony.  The defense of the ALJ's faulty decision was not substantially justified.

Plaintiff's counsel has filed an affidavit and an itemized statement of fees (Doc. 22-1 at 2-10) showing that 34.9 hours were spent on this case and that the fees total $6,099.15 ($175 per hour).  Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds the amount of the requested fee award to be

reasonable. The EAJA requires that the award be made directly to Plaintiff, the "prevailing party." 28 U.S.C. § 2412(d); *see Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees and costs (Doc. 22) is **granted**.

2. Plaintiff is awarded **$6,099.15** in attorneys' fees and **$350.00** in costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 22nd day of April, 2011.

David G. Campbell
United States District Judge